**Victor Enrique MORAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–71232.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2015.

Filed Feb. 20, 2015.

Andrew Michael Knapp, Esquire, Immigrant Access to Justice Assistance, Los Angeles, CA, for Petitioner.

* The Honorable Edward F. Shea, Senior United States District Judge for the Eastern District of Washington, sitting by designation.

Victor Enrique Moran, pro se.

Jesse Matthew Bless, Oil, Jane Tracey Schaffner, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GRABER and WARDLAW, Circuit Judges, and SHEA,* Senior District Judge.

MEMORANDUM **

Petitioner Victor Enrique Moran petitions for review of a Board of Immigration Appeals ("BIA") order dismissing his appeal. We have jurisdiction under 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

1. On review, Petitioner argues that the immigration judge's ("IJ") determination that Petitioner was removable lacks sufficient support in the administrative record. Petitioner did not make that argument in his brief to the BIA, however. Because Petitioner failed to exhaust the argument, we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1).

2. To the extent that Petitioner suggested at oral argument that he was eligible for Federal First Offender Act treatment, that issue is waived because it was neither exhausted at the agency level nor argued in the opening brief. *See id.; Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

3. Although the IJ's failure to advise Petitioner of his potential eligibility for pre-hearing voluntary departure was error, the error was harmless because Petitioner's conviction for possession of cocaine makes him permanently inadmissible. Petitioner therefore cannot show that the IJ's error resulted in prejudice. *See United States v. Cerda–Pena*, 799 F.2d 1374, 1377 (9th Cir.1986).

**DISMISSED IN PART; DENIED IN PART.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.